**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THOMAS WAYNE MOTLEY,
Plaintiff-Appellant,

v.

WILLIAM H. FULLER, II, Individually;
JAMES C. MARTIN, Individually,

Defendants-Appellees,

and

THE DANVILLE REGISTER AND BEE,
Defendant.

No. 96-2293

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CA-96-20-D)

Submitted: August 14, 1997

Decided: August 22, 1997

Before NIEMEYER, Circuit Judge, and BUTZNER and
PHILLIPS, Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sa'ad El-Amin, EL-AMIN & CRAWFORD, Richmond, Virginia, for
Appellant. John A. Gibney, Jr., SHUFORD, RUBIN & GIBNEY,
P.C., Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Wayne Motley appeals from the district court's dismissal of his complaint for failure to state a claim upon which relief could be granted. Motley sued William H. Fuller, James C. Martin, and the Danville Register & Bee, alleging inter alia that, after Motley was acquitted of assault in the Circuit Court of Henrico County, Fuller (the Commonwealth Attorney) and Martin (an Assistant Commonwealth Attorney) purchased an advertisement in the Register disclosing Motley's previous criminal record. Motley's criminal background was not admitted at trial as Motley did not testify. Motley asserted that Fuller and Martin published this damaging information in retaliation against Motley's assertion of his Fifth Amendment right not to testify and that, as a result, Motley's career as a teacher and minister was damaged. We previously granted Motley and the Register's joint motion to voluntarily dismiss the Register as a party on appeal. Therefore, the only remaining issue is whether the district court erred in finding that Motley had failed to state a 42 U.S.C. § 1983 (1994) claim against Fuller and Martin. We affirm.

First, a plaintiff alleging that government officials retaliated against him in violation of his constitutional rights must show that he suffered some adversity that chilled, impaired or denied the exercise of his protected rights. See ACLU v. Wicomico Cnty., 999 F.2d 780, 785-86 (4th Cir. 1993). Motley asserted his Fifth Amendment rights at his trial and did not testify. No comment was made at trial on his silence, and he was acquitted. Therefore, Motley has failed to allege the adverse impact necessary to a claim of retaliation.

Next, Motley attempts to recast his claim as one of a deprivation of a liberty interest. However, an individual does not have a due process right against the publication of the undisputed truth. See Beckham v. Harris, 756 F.2d 1032, 1038-39 (4th Cir. 1985). Because

2

Motley does not deny the truth of Fuller and Martin's advertisement, Motley has no cause of action.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3